**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR-06-00096-001-HE |
| | ) | NO. CIV-11-0198-HE |
| ALEXANDER CHRISTIAN MILES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Alexander Christian Miles pleaded guilty to violating 18 U.S.C. § 1001(a)(3) by providing false information on an affidavit in support of a K-1 visa application. The court sentenced the defendant to a term of imprisonment of five years followed by three years of supervised release. In addition to the standard terms of supervised release, the court imposed several sex offender-related conditions. Defendant appealed the imposition of the additional conditions to the Tenth Circuit, which affirmed the judgment. He then filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255, which the court dismissed. Defendant appealed the dismissal and the Tenth Circuit denied his application for a certificate of appealability and dismissed his appeal. United States v. Miles, No.12-6011, slip op. at 8 (July 9, 2012). The Supreme Court denied defendant's petition for writ of certiorari.

Defendant now claims he is entitled to a writ of error *coram nobis* due to ineffective assistance of counsel. He asserts that his guilty plea was involuntary and unknowing because he was not properly advised of the factual basis for his plea. He maintains he did not learn

of the error until he received the Tenth Circuit's decision on July 9, 2012. He contends "there exists no factual basis for the Petitioner's guilty plea, absent the Appellate Court's unilateral, retroactive, July 9, 2012, constructive amendment of the Superseding Information and the Plea Agreement." Doc. #180, p. 31. Defendant asserts that he "was advised that the factual basis for the offense that he pled guilty to consisted of submitted false biographic information regarding his wife to the INS in a Form I-864 'Affidavit of Support' on February 17, 2002, whereas what the Petitioner, according to the Tenth Circuit Court of Appeals' July 9, 2012, Order and Judgment ... in fact pled guilty to, was submitting false information to the INS in a Form I-129F 'Petition for Alien Fiancee' on July 31, 2001." *Id.* at pp. 14-15.

Defendant is essentially asserting the same arguments the Tenth Circuit rejected in his appeal from this court's dismissal of his § 2255 motion. See <u>United States v. Miles</u>, No.12-6011, slip op. at 8 (July 9, 2012). He has not shown he is entitled to a "a writ of error *coram nobis*, [which] is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice." <u>United States v. Bustillos</u>, 31 F.3d 931, 934 (10th Cir. 1994). While defendant professes innocence, stating that "in July of 2001 [he] was unaware of any infirmities pertaining to the biographic data of his wife,"[1] Doc. #180, p. 26, the Tenth Circuit has already soundly rejected defendant's claim of actual innocence,[2] stating:

---

[1]*Defendant admits lying about his wife's date of birth in an affidavit submitted to the INS on February 17, 2002. Doc. #180, p. 30.*

[2]*In the appeal regarding his § 2255 motion, defendant attempted to avoid the consequences of the collateral review waiver in his plea agreement by asserting an actual*

> This factual-innocence inquiry encompasses "all relevant evidence," Bousley v. United States, 523 U.S. 614, 623 (1998), which includes "any admissible evidence of [defendant's] guilt even if that evidence was not presented during [his] plea colloquy," *id.* at 624. Here, the record includes the July 2001 K-1 visa application, formally verified by Mr. Miles, on which the birthdate of his fiancee is stated to be January 1, 1983, R. Vol 1 at 119-20, falsely indicating that she was over eighteen years of age. That evidence, unopposed, is sufficient to undermine a claim of factual innocence.[3]

United States v. Miles, No.12-6011, slip op. at 8 (July 9, 2012) (footnote omitted).

Plaintiff has not made the showing required to warrant the issuance of a writ of *coram nobis*. Moreover, the same waiver in defendant's plea agreement that barred his § 2255 motion operates to bar his request for the writ. The court has considered the pertinent factors, see United States v. Viera, 674 F.3d 1214, 1217 (10th Cir. 2012), and finds the petition falls within the scope of the plea agreement's waiver provision, that defendant's waiver of his rights to collaterally challenge his conviction was knowing and voluntary and that enforcing the waiver would not result in a miscarriage of justice.

Accordingly, the petition for writ of coram nobis is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*innocence/miscarriage of justice argument.*

[3]*The court then proceeded to reject defendant's argument that his fiancee's age was not material to the visa application.*